1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LUIS RENTERIA, | CASE NO. 05cv0516 JM (CAB) |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| vs. | |
| K. WILLIAMS, | |
| Defendants. | |

Plaintiff Luis Renteria, a state prisoner proceeding with counsel, brought this action under 42 U.S.C § 1983 for a violation of his civil rights.[1] Plaintiff claims that Defendant K. Williams, a corrections officer violated the Eighth Amendment by use of excessive force and the First Amendment by retaliating against the Plaintiff. Plaintiff also alleges several state law claims under Cal. Penal Code § 149 and § 243(a). Defendant filed a Motion for Summary Judgment on August 4, 2007. (Doc. # 76.) Plaintiff filed his Opposition on June 11, 2007 (Doc. # 89), and Defendant filed a reply brief on June 18, 2007 (Doc. # 90.).

On November 21, 2007, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation (R&R) recommending that the court grant Defendant's Motion for Summary Judgment as to excessive force and the state law claims, and dismiss without prejudice Plaintiff's

---

[1] Plaintiff originally filed his complaint in propria persona. (Doc. # 1.) However, Plaintiff retained counsel on July 28, 2006, (Doc. # 74), prior to the Defendant filing his motion for summary judgment, (Doc.# 76).

1  retaliation claim for failure to exhaust administrative remedies. Plaintiff filed an Objection to the R&R on January 7, 2008 (Doc. # 95), and Defendant filed a Reply to the Objection on January 9, 2008. (Doc. # 96).

## I.   BACKGROUND

Plaintiff's § 1983 action arises out of events that occurred while he was incarcerated at Calipatria State Prison ("Calipatria"). (R&R at 2.) Defendant was a correctional officer working at Calipatria at the time. Id. Plaintiff alleges that while in his cell, Defendant, standing approximately seven to ten feet away, sprayed a stream of cleaning solution at the Plaintiff. Id. Plaintiff alleges that the spray contacted his eye and irritated his eye. Id.  Plaintiff was seen by Medical Technical Assistant David Erwin and then, three weeks later, by R. Meisel, a licensed optometrist. Id. Both examinations found no sign of irritation or damage to Plaintiff's eyes. Id.  In response to Plaintiff filing a grievance for his eye injury, Plaintiff claims that Defendant retaliated against him by threatennig his life by telling him repeatedly that he would be a "dead man" by use of justifiable gun fire. (Complaint at ¶ 9.)

Specifically, Plaintiff alleges the following constitutional claims: (1) Defendant violated his Eighth Amendment rights by using excessive force by spraying him this the cleaning solution; (2) Defendant violated his First Amendment rights by retaliating against him for filing prison grievances; and (3) Defendant assaulted him under Cal. Penal Code § 149 and § 243(a). Plaintiff seeks $500,000 in general damages and $500,000 in punitive damages from Defendant. (Compl. at 9.)

Now, Defendant moves for summary judgment for four reasons. (See Memo. of Pts. and Auths. in Support of Defs.' Motion to Dismiss at 6-18.) First, Defendant claims that Plaintiff has not exhausted all available state remedies for Plaintiff's claim of retaliation. Second, Defendant claims that any force was negligent, at best, and de minimus, and not actionable under the Civil Rights Act.. Next, Defendant claims that he is protected by qualified immunity.[2] Finally, Defendant argues that the state claims alleged by Plaintiff are unclear and criminal in nature, not civil.

---

[2] The court does not reach the question of qualified immunity, since the motion is granted on the previous reasons.

## II. DISCUSSION[3]

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rule of Civil Procedure ("FRCP") Rule 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

### A. Eighth Amendment Claim of Excessive Force

The court adopts the R&R's recommendation to grant Defendant's Motion for Summary Judgment, because Plaintiff failed to establish an 'physical injury'. The R&R concludes that there is no evidence except Plaintiff's conclusory allegations that Plaintiff suffered an injury. Plaintiff merely states that he objects to the R&R, but does not identify any specific arguments in opposition to the R&R. (See Objections at 1.) Having considered the R&R and the applicable authorities, the court adopts the R&R's analysis and recommendation regarding Motion for Summary Judgment on the claim of excessive force.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision "requires a showing of physical injury that need not be significant but must be more than de minimis." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). In Oliver, the court held that back and leg pain from an uncomfortable sitting and sleeping arrangement was de minimis. Oliver, 289 F.3d at 627. Additionally, facial pain such as a bruised, sore ear and nose sores is also de minimis. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Cannell v. Multnomah County, 141 F.Supp. 2d 1046, 1053. However, injuries greater then bruising like loosened teeth and a cracked dental plate qualify as physical injuries. Hudson, 503 U.S. at 10.

Plaintiff has not suffered a 'physical injury' as required by the PLRA. It is questionable if Plaintiff suffered any injury at all. However, even if the court assumes all facts in favor of Plaintiff,

---

[3]The R&R is incorporated by reference in the court's order herein.

the alleged injury is de minimis. Defendant provided medical reports and sworn statements by Medical Technical Assistant David Erwin and R. Meisel, O.D. Both statements indicate they saw no signs of irritation or damage to the Plaintiff's eye. (Decl. of D. Erwin at ¶ 6; Decl. of R. Meisel at ¶ 1,8.) However, Plaintiff claims that R. Meisel performed pressure tests which revealed problems with his right eye.[4] (Opp'n of Def. Mot. for Summ. J. at ¶ 14-15.) Plaintiff alleges that the test results were normal during a follow up appointment almost two weeks later. Id. However, without additional evidence, it is impossible to determine what the notations on the medical reports mean. Therefore, since Plaintiff failed to met his burden proving a genuine issue of fact, the court grants the motion for summary judgment.

However, even if the court assumes that Plaintiff had pressure in his eye, the injury is de minimis. The injury is minor and similar to a bruise as in Siglar. Siglar, 112 F.3d at 193. This type of pain would not raise to the level of physical injury. Id. Additionally, the injury did not require additional medical care or leave a long term injury as in Madrid. Madrid, 889 F. Supp at 1254. Both of Plaintiff's eyes tested normal upon the next examination. Therefore, he has no long term effects, and cannot produce any evidence of a 'physical injury.' The court grants Defendant's Motion for Summary Judgment on this claim..

**B. First Amendment Claim of Retaliation**

The court adopts the R&R's recommendation to dismiss without prejudice Plaintiff's claim of retaliation, because he failed to exhaust all administrative remedies. The R&R concludes that Plaintiff needed to file an administrative appeal at the Director's level to exhaust the administrative appeals process regarding his grievances against the Defendant. (R&R at 4.) Plaintiff objects to this conclusion by stating that he had a 'good faith' belief that he exhausted 'available' administrative remedies. (Opp'n of Def. Mot. for Summ. J. at ¶ 19-23.) The R&R provides a thorough and clear explanation that a good faith belief is not enough. (R&R at 5-6.)

In the objection the R&R, Plaintiff alleges that he took all remedies that were available to him.

---

[4] The Plaintiff claims that his right eye scored a 20 and his left eye scored a 17. He claims that a score of 17 is normal. The numbers 17 and 20 appear on the accompanying Medical Reports, but it is unclear what they refer to.

He claims that the prison administrators must have sabotaged his claims, because he exhausted everything that was available to him. This objection is not substantially different then his previous 'good faith' arguments. Additionally, he has no additional evidence to support any claims of sabotage. Consequently, Plaintiff failed to meet his burden of establishing a genuine issue for trial, and the court dismisses Plaintiff's claim of retaliation for failure to exhaust administrative remedies.

**C.     State Claims**

The court adopts the R&R's recommendation to grant Defendant's Motion for Summary Judgment, because he failed to state a cognizable state law claim. The R&R concludes that Plaintiff failed to create a genuine issue of material fact and failed to state a claim upon which relief can be granted. (R&R at 9-10.) Plaintiff objects to this conclusion by repeating his previous arguments . (See Objections at 2-3.) Having considered the R&R and the applicable authorities, the court adopts the R&R's analysis and recommendation regarding the Motion for Summary Judgment as to the state law claims.

**III.     ORDER**

Having carefully considered the thorough and thoughtful R&R, the record before the court, the absence of any new substantive objections to the R&R, and applicable authorities, the court adopts the R&R in its entirety. The court grants Defendant's Motion for Summary Judgment as to excessive force and the state law claims, and dismisses without prejudice Plaintiff's retaliation claim for failure to exhaust administrative remedies. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: March 14, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties